UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

R<small>ICHARD</small> T<small>URNBOLM</small>, J<small>R</small>.,

    Plaintiff,                                           Hon. Hala Y. Jarbou

v.                                                          Case No. 1:22-cv-1242

C<small>OMMISSIONER OF</small>
S<small>OCIAL</small> S<small>ECURITY</small>,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of Social Security appeals, the undersigned recommends that the Commissioner's decision be affirmed.

## STANDARD OF REVIEW

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was 22 years of age on his alleged disability onset date. (PageID.115). Plaintiff completed high school but has no past relevant work experience. (PageID.115). Plaintiff applied for benefits on March 16, 2020, alleging that he had been disabled since April 8, 2019, due to closed head injury, post-concussion syndrome, shoulder injuries, migraines, neck strain, anxiety, neuralgia, thought disorder, and depression. (PageID.101, 227).

Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). Following an administrative hearing, ALJ Brian Burgtorf, in an opinion dated October 15, 2021, determined that Plaintiff did not qualify for disability benefits. (PageID.101-61). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an

exertional impairment, both are considered in determining his residual functional capacity.   *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate he is entitled to disability benefits and he satisfies his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy.   *See* 42 U.S.C. § 423(d)(2)(A).   While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from asthma, status post labral tear of the right shoulder, tendinitis, depression, traumatic brain injury, and borderline intellectual functioning, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1.   (PageID.104-08).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform light work subject to the following limitations: (1) he can only occasionally push or pull with his dominant right upper

extremity; (2) he can never crawl or climb ladders, ropes, or scaffolds; (3) he can never reach overhead with his right upper extremity but can reach in all other directions with his right upper extremity; (4) he can frequently handle, finger, and feel with his right hand; (5) he can never work around vibrations or hazards, such as unprotected heights or unguarded/unprotected moving mechanical parts; (6) he can tolerate occasional exposure to atmospheric conditions as defined by the Selected Characteristics of Occupations; (7) he can understand, remember, and carry out simple instructions and make simple work-related decisions; (8) he cannot work at a production rate pace, such as assembly line work; (9) he can tolerate occasional changes in the routine work setting; (10) he can occasionally interact with supervisors and co-workers, but never with the general public. (PageID.109).

The ALJ found that Plaintiff had no past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that there exists in the national economy a significant number of specific jobs which Plaintiff can perform, his limitations notwithstanding. *O'Neal*, 799 Fed. Appx. at 316. In satisfying this burden, the ALJ may rely on a vocational expert's testimony. *Ibid*.

In this case, a vocational expert testified that there existed approximately 58,700 jobs in the national economy which an individual with Plaintiff's RFC could perform. (PageID.154-56). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix

thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

## I.   Listing of Impairments

The Listing of Impairments, detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1, identifies various impairments which, if present to the severity detailed therein, result in a finding that the claimant is disabled. In his decision, the ALJ analyzed in detail whether Plaintiff's intellectual impairments satisfied Listing 12.05. (PageID.105-08). Plaintiff argues that he is entitled to relief because the ALJ's analysis is not supported by substantial evidence.

Listing 12.05 provides as follows:

12.05 Intellectual disorder, satisfied by A or B:

A. Satisfied by 1, 2, and 3:

1.   Significantly subaverage general intellectual functioning evident in your cognitive inability to function at a level required to participate in standardized testing of intellectual functioning; and

2.   Significant deficits in adaptive functioning currently manifested by your dependence upon others for personal needs (for example, toileting, eating, dressing, or bathing); and

3.   The evidence about your current intellectual and adaptive functioning and about the history of your disorder demonstrates or supports the conclusion that the disorder began prior to your attainment of age 22.

OR

B. Satisfied by 1, 2, and 3:

    1.  Significantly subaverage general intellectual functioning evidenced by a or b:

    a.  A full scale (or comparable) IQ score of 70 or below on an individually administered standardized test of general intelligence;

or

    b.  A full scale (or comparable) IQ score of 71–75 accompanied by a verbal or performance IQ score (or comparable part score) of 70 or below on an individually administered standardized test of general intelligence; and

    2.  Significant deficits in adaptive functioning currently manifested by extreme limitation[1] of one, or marked limitation[2] of two, of the following areas of mental functioning:

    a.  Understand, remember, or apply information; or

    b.  Interact with others; or

    c.  Concentrate, persist, or maintain pace; or

    d.  Adapt or manage oneself; and

    3.  The evidence about your current intellectual and adaptive functioning and about the history of your disorder demonstrates or supports the conclusion that the disorder began prior to your attainment of age 22.

20 C.F.R., Part 404, Subpart P, Appendix 1, § 12.05.

Plaintiff argues that he satisfies subsection B of the Listing. With respect to subsection B, Plaintiff achieved a full-scale IQ score of 73. (PageID.727). As the

---

[1] A person experiences "extreme limitation" when they "are not able" to function "independently, appropriately, [and] effectively" on a sustained basis. 20 C.F.R., Part 404, Subpart P, Appendix 1, § 12.00(F)(2)(e).

[2] A person experiences "marked limitation" when their ability to function "independently, appropriately, [and] effectively" on a sustained basis is "seriously limited." 20 C.F.R., Part 404, Subpart P, Appendix 1, § 12.00(F)(2)(d).

ALJ recognized, these results satisfied subsection (B)(1)(b). (PageID.108). With respect to the four areas of mental functioning identified above, the ALJ found that Plaintiff experienced only moderate limitation in each area. (PageID.105-08). The ALJ concluded, therefore, that Plaintiff did not satisfy the requirements of the Listing. On appeal, Plaintiff takes issue with the ALJ's conclusion that Plaintiff experienced only moderate limitation in the relevant areas of mental functioning.

      A.      Understand, Remember, or Apply Information

Regarding Plaintiff's ability to understand, remember, or apply information, Plaintiff faults the ALJ's observation that "[o]ften, [Plaintiff] was alert, oriented and exhibited a normal mental status." (PageID.105-06). The ALJ's observation is supported by the record. (PageID.647, 649, 651, 655, 658, 660, 663, 666, 669, 682, 726-27, 734, 748, 752, 805, 809, 813). Plaintiff, on the other hand, has identified no evidence suggesting otherwise. Plaintiff also disputes the ALJ's observation that Plaintiff possesses "the ability to perform simple arithmetic." (PageID.106). In support of this conclusion, the ALJ relied on the results of a consultive psychological examination which indicated that Plaintiff was able to correctly perform "single digit calculation tasks" involving addition, subtraction, multiplication, and division. (PageID.727). As the ALJ further observed, Plaintiff cares for his daughter and pets, drives, and prepares simple meals. (PageID.465-72, 498-505). The ALJ's conclusion that Plaintiff experiences only moderate limitation in this area is supported by substantial evidence.

B.  Interact with Others

In support of his conclusion that Plaintiff experienced moderate limitations in this area of functioning, the ALJ noted that Plaintiff was able to go shopping and engage in social activities. (PageID.106). The ALJ further noted that Plaintiff gets along well with authority figures and has never been laid off from a job due to difficulty getting along with others. (PageID.106). The ALJ also reiterated that Plaintiff exhibited normal mental status. (PageID.106). Plaintiff does not challenge any of these observations, but instead argues that the ALJ's opinion fails because the ALJ further observed that Plaintiff "was able to ride in a car." The Court concedes that the ability to ride in a car may be only marginally relevant to the ability to interact with others. Nevertheless, Plaintiff's argument is insufficient to carry the day as there exists substantial other evidence supporting the ALJ's finding with respect to this area of functioning.

C.  Concentrate, Persist, or Maintain Pace

The ALJ noted that Plaintiff was able to care for his daughter, care for pets, perform household chores, and prepare simple meals. (PageID.106). Plaintiff does not dispute these observations and likewise advances no argument that the ALJ's findings are not supported by substantial evidence.

D.  Adapt or Manage Oneself

The ALJ noted that Plaintiff was able to care for his daughter, shop, and engage in social activities. (PageID.106-07). The ALJ further noted that Plaintiff gets along well with authority figures and has never been laid off from a job due to

difficulty getting along with others. (PageID.107). The ALJ also reiterated that Plaintiff exhibited normal mental status. (PageID.107). Plaintiff does not dispute these observations and likewise advances no argument that the ALJ's findings are not supported by substantial evidence.

Plaintiff bears the burden to demonstrate that he satisfies the requirements of a listed impairment. *See Kirby v. Comm'r of Soc. Sec.*, 2002 WL 1315617 at *1 (6th Cir., June 14, 2002). An impairment satisfies a listing, however, "only when it manifests the specific findings described in all of the medical criteria for that particular impairment." *Lambert v. Commissioner of Social Security*, 2013 WL 5375298 at *8 (W.D. Mich., Sept. 25, 2013) (citing 20 C.F.R. §§ 404.1525(d) and 416.925(d)). Plaintiff has failed to demonstrate that his impairments, or the limitations resulting from such, satisfy the requirements of Listing 12.05. The ALJ's conclusion that Plaintiff does not satisfy this Listing is supported by substantial evidence. Accordingly, this argument is rejected.

## II.   Residual Functional Capacity

A claimant's RFC represents the "most [a claimant] can still do despite [his] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents his ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule"). Plaintiff argues that he is entitled to relief because the

-10-

ALJ's RFC assessment is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ erred by failing to account for the limitations imposed by his mental impairments and right shoulder impairment.

Regarding his mental impairments, Plaintiff cites to evidence that predates, by many years, his alleged disability onset date. (PageID.835-48). The evidence from the relevant time period, however, amply supports the ALJ's RFC. On August 12, 2020, Plaintiff participated in a consultive psychological examination the results of which revealed that Plaintiff can "perform simple tasks with no major limitations." (PageID.728). The ALJ's RFC sufficiently accounts for Plaintiff's non-exertional limitations.

With respect to Plaintiff's right shoulder, the evidence reveals the following. On July 17, 2018, Plaintiff underwent surgery to repair a labral tear. (PageID.625-26). An examination the following week revealed that Plaintiff's shoulder was "neurovascularly intact" with no evidence of abnormal sensation. (PageID.613). Plaintiff was prescribed physical therapy, but he was later discharged from therapy for non-compliance (i.e., failure to attend). (PageID.571, 594).

Treatment notes dated January 18, 2019, indicate that Plaintiff's shoulder was "stable" with only "mild" pain. (PageID.603). Plaintiff was "doing well" and his shoulder was "neurovascularly intact." (PageID.603). The results of subsequent examinations were likewise unremarkable. (PageID.605, 607, 614-15, 635, 646-47, 649, 748, 772-73, 792-93). Again, the ALJ's RFC sufficiently accounts for the limitations imposed by Plaintiff's right shoulder impairment.

The ALJ is tasked with determining a claimant's RFC. *See* 20 C.F.R. §§ 404.1546(c), 416.946(c). While the ALJ may not "play doctor" and substitute her own opinion for that of a medical professional, the ALJ is not required to tailor her RFC assessment to any particular opinion or item of medical evidence. *See, e.g., Poe v. Commissioner of Social Security*, 342 Fed. Appx. 149, 157 (6th Cir., Aug. 18, 2009). Instead, the ALJ is "charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of her residual functional capacity." *Webb v. Commissioner of Social Security*, 368 F.3d 629, 633 (6th Cir. 2004).

This is precisely what the ALJ in this matter did and the ALJ's RFC assessment is supported by substantial evidence. While Plaintiff undoubtedly experiences significant limitations, the ALJ's RFC sufficiently accounts for such by restricting Plaintiff to a very limited range of work. In sum, the ALJ's RFC assessment is supported by substantial evidence. Plaintiff's argument for relief is simply that the ALJ should have weighed and evaluated the evidence differently. This is not grounds for relief, however. Accordingly, this argument is rejected.

### III. Sentence Six Remand

Finally, the administrative record contains evidence that was not presented to the ALJ but was instead first presented to the Appeals Council. (PageID.26-92). The Appeals Council received the evidence into the record and considered it before declining to review the ALJ's determination. This Court, however, is precluded from considering such material. In *Cline v. Commissioner of Social Security*, 96

F.3d 146 (6th Cir. 1996), the Sixth Circuit indicated that where the Appeals Council considers new evidence that was not before the ALJ, but nonetheless declines to review the ALJ's determination, the district court cannot consider such evidence when adjudicating the claimant's appeal of the ALJ's determination. *Id.* at 148; *see also*, *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007) (quoting *Cline*, 96 F.3d at 148).

If Plaintiff can demonstrate, however, that this evidence is new and material, and that good cause existed for not presenting it in the prior proceeding, the Court can remand the case for further proceedings during which this new evidence can be considered. *Cline*, 96 F.3d at 148. To satisfy the materiality requirement, Plaintiff must show that there exists a reasonable probability that the Commissioner would have reached a different result if presented with the new evidence. *Sizemore v. Secretary of Health and Human Serv's*, 865 F.2d 709, 711 (6th Cir. 1988). Plaintiff bears the burden of making these showings. *See Hollon ex rel. Hollon v. Commissioner of Social Security*, 447 F.3d 477, 483 (6th Cir. 2006).

Plaintiff argues that this new evidence shows that his mental impairments were more significant, and imposed greater limitation, than the ALJ recognized. Accordingly, Plaintiff argues that remand for the consideration of this evidence is appropriate. Plaintiff's argument fails for two reasons.

First, Plaintiff has advanced no argument in support of his request for remand. Instead, Plaintiff merely notes the existence of the evidence in question and concludes that remand is appropriate. Plaintiff has failed to cite to any item of

this evidence and argue how such warrants remand. It is Plaintiff's obligation to clearly articulate the basis for his claims of error. *See, e.g., Zizzo v. Commissioner of Social Security*, 2013 WL 5291663 at *8 (E.D. Mich., Sept. 19, 2013) (courts do not engage in a self-directed inquiry into the facts because "judges are not like pigs, hunting for truffles buried in" the record). The undersigned finds, therefore, that Plaintiff has waived this claim. *See, e.g., United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2014) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to. . .put flesh on its bones"); *Moore v. Commissioner of Social Security*, 573 Fed. Appx. 540, 543 (6th Cir., Aug. 5, 2014) (citing *Stewart* with approval to find an undeveloped argument waived).

Second, even were the Court to overlook Plaintiff's waiver, the result is the same. Treatment notes dated November 29, 2021, indicate that Plaintiff "is not complaining of any mental health issues." (PageID.47). Treatment notes dated December 6, 2021, indicate that Plaintiff's "mood is better" with medication and the results of a mental status examination were unremarkable. (PageID.44-45). Treatment notes dated January 10, 2022, indicate that Plaintiff's symptoms are well controlled with medication. (PageID.38). Treatment notes dated February 7, 2022, likewise reveal that Plaintiff's medications "work well." (PageID.31). Thus, it is not reasonable to argue that consideration of this evidence would have resulted

in a different outcome.  Accordingly, Plaintiff's request for remand so that this new evidence can be considered is rejected.

## CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within such time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: November 29, 2023

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge